IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID HENDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>LT. GENERAL KEITH ALEXANDER,<br>   DIRECTOR, NATIONAL SECURITY<br>   AGENCY,<br>    Defendant. | Civil Action No: 1:06CV00245 (CKK) |

## **DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Lieutenant General Keith Alexander, Director, National Security Agency, respectfully moves this Court for an order dismissing this action for lack of jurisdiction. The reasons for this motion are set forth in defendant's Memorandum of Points and Authorities in Support of the Motion to Dismiss filed herewith.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

KENNETH J. WAINSTEIN
United States Attorney

ANTHONY J. COPPOLINO
Special Litigation Counsel

  /s/ *Renée S. Orleans*
RENÉE S. ORLEANS
Trial Attorney
renee.orleans@usdoj.gov
U.S. Department of Justice

                                                        Civil Division, Federal Programs Branch  
                                                        20 Massachusetts Avenue, NW  
                                                        Washington, D.C. 20001  
                                                        Phone: (202) 514-4782/(202) 514-4504  
                                                       Fax: (202) 616-8460/(202) 616-8470  

                                                       Attorneys for Defendant  

DATED: April 27, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID HENDERSON, | ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | ) Civil Action No: 1:06CV00245 (CKK) </br> ) |
| LT. GENERAL KEITH ALEXANDER, </br>    DIRECTOR, NATIONAL SECURITY </br>    AGENCY, | ) </br> ) </br> ) |
| Defendant. | ) </br> ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Pro se plaintiff David Henderson, an alleged former Foreign Service Officer with the U.S. Department of State ("State Department"), brings this action against Lieutenant General Keith Alexander, Director, National Security Agency, claiming that his "phone has been tapped by the US Government since 1990, since 1998 by Defendant under an illegal wiretap without a F[oreign] I[ntelligence] S[urveillance] A[ct] warrant." He seeks an order stopping the alleged wiretap and ten million dollars.

Plaintiff's complaint should be dismissed, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule"), because the Court lacks jurisdiction over this matter. The complaint, which cites no statutory or other authority, fails to establish any waiver of sovereign immunity and fails to establish that plaintiff has the requisite standing to bring this claim.

**FACTUAL BACKGROUND**

Plaintiff's terse complaint alleges that his phone has been tapped by the U.S. Government since 1990, and by defendant since 1998, "under an illegal wiretap" without a warrant under the Foreign Intelligence Surveillance Act ("FISA"). See Complaint at 1. He states that from 1969 until 1981, he was a State Department Foreign Service Officer. Id. at 1-2. He claims that during a three-year assignment as an intelligence analyst, he had access to "some of the most sensitive information of the U.S. Government." Id. at 2. Plaintiff further alleges that in a 1998 letter, the State Department informed him that he has a forty-three page "Terrorism and Counterintelligence file" that was "created out of thin air to silence plaintiff over facts he knew about the 1980 Iran hostage release – October surprise." Id. He claims that in 1998, an Assistant United States Attorney in El Paso informed him that he would be killed if he publicly disclosed the letter, which he claims was subsequently stolen from his residence. Id. at 3.

Plaintiff requests an order stopping the alleged wiretap and ten million dollars in damages. Id. He further requests a jury trial. Id.

**STANDARD OF REVIEW**

A Rule 12(b)(1) motion "imposes on the court an affirmative obligation to ensure that it is acting within the scope of its judicial authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). In evaluating a Rule 12(b)(1) motion, "[a] Court must accept all of the non-movant's factual allegations as true . . . , but such allegations will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a Rule 12(b)(6) motion for failure to state a claim." Brady Campaign to Prevent Gun Violence United With the Million Mom March v. Ashcroft, 339 F. Supp. 2d 68, 72-73 (D.D.C. 2004) (internal citations, brackets,

and quotation marks omitted). "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Flowers v. Exec. Ofc. of the President, 142 F. Supp. 2d 38, 46 (D.D.C. 2001) (internal citation and quotation marks omitted). A court must assess a plaintiff's allegations for their "logical adequacy," and for "'quantum of proof,' *i.e.*, whether the specific alleged facts support inferences claimed by plaintiff, including an inference of causation." Judicial Watch, Inc. v. U.S. Senate, 432 F.3d 359 (D.C. Cir. 2005) (internal citation omitted). Thus, "even under liberal pleading standards, 'sweeping and unwarranted averments of fact' without any factual basis will not be deemed admitted for purposes of a motion to dismiss." Flowers, 142 F. Supp. 2d at 46 (quoting Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987)).

## ARGUMENT

Article III of the U.S. Constitution, which "confines the federal courts to adjudicating actual 'cases' and 'controversies,'" governs the jurisdiction of the federal courts. Allen v. Wright, 468 U.S. 737, 750 (1984); see also Federal Express Corp. v. Airline Pilots Ass'n, 67 F.3d 961, 963 (D.C. Cir. 1995) ("The federal courts are powerless to decide any matter unless it involves a case or controversy"). Plaintiff bears the burden of establishing jurisdiction, and it must appear on the face of the complaint. Tavoulareas v. Comnas, 720 F.2d 192, 195 (D.C. Cir. 1983); Flowers, 142 F. Supp. 2d at 45 (as the party seeking to invoke the court's jurisdiction, plaintiff must "allege in [his] pleadings the facts essential to show jurisdiction") (citing McNutt v. General Motors Acceptance Corp. 298 U.S. 178, 179 (1936) and FW/PBS, Inc. v. City of Dallas, 493 U.S. 251, 231 (1990)).

The Court lacks jurisdiction over plaintiff's complaint because (1) plaintiff fails to allege

3

any waiver of sovereign immunity, and (2) plaintiff fails to allege a sufficient injury-in-fact to establish he has standing.

I.   **Plaintiff's Complaint Fails to Allege Any Waiver of Sovereign Immunity**.

It is axiomatic that absent a waiver of sovereign immunity, a district court lacks jurisdiction over claims against the federal government.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  The "terms of [the government's] consent to be sued in any court define the court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  Waivers of sovereign immunity must be construed strictly in favor of the United States.  Library of Congress v. Shaw, 478 U.S. 310, 318 (1986).

Here, plaintiff fails to cite any statutory or other provision that demonstrates a waiver of sovereign immunity.  Indeed, plaintiff cites no authority that allows him to bring his case or allows the Court to issue an order stopping the alleged wiretapping and awarding him ten million dollars.  Because plaintiff's complaint fails to establish any waiver of sovereign immunity, it should be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction.

II.   **Plaintiff's Complaint Fails to Establish the Requisite Standing**.

Even if there was some waiver of sovereign immunity for plaintiff's claim, he nevertheless lacks standing to bring his speculative, conclusory claim that the U.S. Government or the Director of NSA has wiretapped his phone since 1990 or 1998.[1]

---

[1] Moreover, even if there was some waiver of sovereign immunity, plaintiff's allegations that the U.S. government has tapped his phone as early as 1990, would be outside the applicable statute of limitations.  See, e.g., 28 U.S.C. § 2401(a) ("every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues"); id. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by

Standing is an "essential and unchanging part" of the Article III case-or-controversy requirement. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The constitutional components of standing are three-fold and constitute an "irreducible constitutional minimum":

> First, the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly . . . traceable to the challenged action of the defendant . . . . Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision.

Id. at 560-61 (citations omitted); Florida Audubon Soc. v. Bentsen, 94 F.3d 658, 663 (D.C. Cir. 1996) (en banc). The party invoking federal jurisdiction bears the burden of establishing these elements. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 103-104 (1998).

Moreover, to obtain prospective injunctive relief, it is not enough that a plaintiff may have suffered a past injury. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); O'Shea v. Littleton, 414 U.S. 488, 495-96 (1973) ("Past exposure to illegal conduct does not in itself show a present case of controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."). Rather, a plaintiff must show that he is "immediately in danger of sustaining some direct injury" as the result of the challenged conduct. Lyons, 461 U.S. at 102.

Plaintiff's speculative and conclusory claim that the U.S. Government or the NSA has tapped his phone from as early as 1990 is insufficient to establish that plaintiff has standing to challenge some alleged illegal wiretapping. He merely claims, without any factual support, that

---

certified or registered mail, of notice of final denial of the claim by the agency by which it was presented"). As for the latter statute of limitations under the Federal Tort Claims Act, plaintiff's complaint even fails to allege that he has exhausted mandatory administrative remedies under that Act, which would now be untimely.

"his phone has been tapped by the U.S. Government since 1990, since 1998 by Defendant under an illegal wiretap without a FISA warrant." Complaint, at 1. His additional assertions that he previously worked for the State Department as a Foreign Service officer, that he received a letter in 1998 that he has a "Terrorism and Counterterrorism" file that he states was "created out of thin air to silence him," and that he would allegedly be killed if he went public with this letter, do not provide support to establish standing for his alleged wiretapping claim. See id. at 1-3. The Court would have to speculate or draw an illogical inference that because of these allegations, defendant or the U.S. Government has therefore been tapping his phone. Such speculation cannot support a concrete and particularized injury-in-fact to establish standing.[2]

The Court of Appeals has previously rejected allegations similar to plaintiff's in United Presbyterian Church in the U.S.A. v. Reagan, 738 F.2d 1375, 1380-81 (D.C. Cir. 1985). There, the Court of Appeals evaluated the allegations that the plaintiffs had been or were currently being subjected to unlawful surveillance,[3] and found that "[m]ost, if not all of the allegations on that score are in any event too generalized and nonspecific to support a complaint." Id. The

---

[2] To the extent plaintiff is endeavoring to claim that the alleged wiretap is part of recently acknowledged NSA activities, his speculative claim fails to establish standing to challenge that program. The President has explained that, following the devastating events of September 11, 2001, he has authorized the NSA to intercept international communications into and out of the United States of persons linked to al Qaeda or related terrorist organizations. *See* Press Conference of President Bush (Dec. 19, 2005), *available at* www.whitehouse.gov/news/releases/2005/12/20051219-2.html. There are no allegations in this complaint related to the Terrorist Surveillance Program acknowledged by the President. Indeed, plaintiff alleges that his "phone has been tapped" since as early as 1990 or 1998.

[3] The Court also discussed two other harms to sustain a claim of standing arising from allegedly unlawful government surveillance: (1) a "chilling effect" produced by fear of being subjected to illegal surveillance, United Presbyterian Church, 738 F.2d at 1378-80, and (2) the immediate threat of concrete, harmful action, such as threatened arrest, id. at 1380. Plaintiff alleges neither of these harms with regard to the alleged phone tapping.

rejected allegations included the allegation that one of the plaintiffs "has reason to believe that, for a long time, its officers, employees, and persons associated with it have been subjected to government surveillance, infiltration and disruption," and the allegation that another plaintiff "discerns a long-term pattern of surveillance of its members . . . ." Id. at 1380 n. 2. Here, plaintiff's allegations provide even less specificity than the allegations deemed insufficient in United Presbyterian Church. Thus, plaintiff's complaint fails to establish that he suffered a concrete injury-in-fact to meet his burden of establishing standing.

## CONCLUSION

Accordingly, plaintiff's complaint should be dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

>Respectfully submitted,
>
>PETER D. KEISLER
>Assistant Attorney General, Civil Division
>
>KENNETH J. WAINSTEIN
>United States Attorney
>
>ANTHONY J. COPPOLINO
>Special Litigation Counsel
>tony.coppolino@usdoj.gov
>
>   /s/ Renée S. Orleans
>RENÉE S. ORLEANS
>Trial Attorney
>renee.orleans@usdoj.gov
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue, NW
>Washington, D.C. 20001
>Phone: (202) 514-4782/(202) 514-4504
>Fax: (202) 616-8460/(202) 616-8470
>Attorneys for Defendant

DATED: April 27, 2006

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the foregoing Defendant's Motion to Dismiss and Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, was served by overnight, Federal Express mail and first-class mail, postage pre-paid, on April 27, 2006, upon plaintiff at the following address:

David Henderson
4635 Atlas
Apt. 8
El Paso, Texas
79904

                                           _____/s/_____
                                              Renée S. Orleans