IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 1:06CV00245 (CKK) |
| ) | |
| LT. GENERAL KEITH ALEXANDER, ) | |
| DIRECTOR, NATIONAL SECURITY ) | |
| AGENCY, ) | |
| Defendant. ) | |

# REPLY MEMORANDUM IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

In his motion to dismiss, defendant Lieutenant General Keith Alexander, Director, National Security Agency, explained that plaintiff David Henderson's complaint should be dismissed, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because the Court lacks jurisdiction over this matter. Plaintiff's complaint establishes no waiver of sovereign immunity for his requested injunctive and monetary relief and does not demonstrate that plaintiff has the requisite standing to bring his claim of alleged illegal wiretapping. In response, plaintiff fails to refute these legal impediments to his case.[1]

---

[1] It should be noted that plaintiff has recently filed other lawsuits in this Court seeking damages against the government on various theories and claims. See Henderson v. Gonzales et al., No. 1:06-cv-298 (D.D.C.) (plaintiff sought $4 billion against Attorney General Alberto Gonzales and the United States relating to alleged harassment by the government; Judge Ellen S. Huvelle, on February 10, 2006, dismissed the case without prejudice for lack of subject matter jurisdiction because plaintiff failed to allege that he exhausted administrative remedies under the FTCA) (Order dated February 10, 2006, attached hereto as Exhibit No. 1); Henderson v. Gonzales, No. 1:06-cv-459 (D.D.C.) (Judge Paul L. Friedman, on March 10, 2006, dismissed without prejudice for lack of subject matter jurisdiction) (file was unavailable at the clerk's office; docket sheet attached hereto with Exhibit No. 1); Henderson v. Rice, No. 1:06-cv-233-

(continued...)

As for the requisite waiver of sovereign immunity, plaintiff, in his response, states that he brings his monetary claim of $10 million under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*[2]  See Plaintiff's Response to Defendant's Motion to Dismiss ("Plaintiff's Response"), at 2-3.  Notably, plaintiff has not pled a claim under the FTCA in his complaint.  Nor does his complaint or his response demonstrate that he has exhausted mandatory administrative remedies under the FTCA.  See 28 U.S.C. § 2675(a).  The FTCA has a jurisdictional bar for any FTCA claim that fails to demonstrate exhaustion of administrative remedies.  McNeil v. United States, 508 U.S. 106, 113 (1993).  Because plaintiff has failed to establish this required exhaustion, the Court lacks jurisdiction over any FTCA claim.[3]

Nor has plaintiff shown that he has standing to pursue his request for injunctive or other relief for his alleged claim of illegal wiretapping.  His response does not provide any additional

---

[1](...continued)
RCL (D.D.C.) (plaintiff seeks retroactive retirement and back pay from the U.S. Department of State) (case is pending; docket sheet attached hereto with Exhibit No. 1).  Plaintiff has also apparently filed a number of cases in the United States District Court for the Western District of Texas against various government agencies, which are all now closed.  See, e.g., Henderson v. Powell, No. 3:01-cv-044 (W.D. Tex.); Henderson v. Mueller, 3:04-cv-402 (W.D. Tex.); Henderson v. Powell, No. 3:04-cv-403 (W.D. Tex.); Henderson v. Rice, No. 3:04-cv-461(W.D. Tex.) (docket sheets attached as Exhibit No. 2).

[2] Plaintiff continues to allege no waiver of sovereign immunity for his requested injunctive relief for the alleged wiretapping claim.

[3] Moreover, because plaintiff has failed to allege facts supporting exhaustion of administrative remedies, he also has failed to establish that he meets the FTCA's statute of limitations requirement.  See 28 U.S.C. § 2401(b) (provision requires a claimant to (1) file a claim with the agency within two years of the claim's accrual, and (2) file suit within six months of the administrative denial of the claim); United States v. Kubrick, 444 U.S. 111, 117-18 (1979) (FTCA is a waiver of the immunity of the United States and the statute of limitations is a condition of that waiver); Sexton v. United States, 832 F.2d 629, 632-33 (D.C. Cir. 1987).  Indeed, plaintiff states that the alleged wiretapping began as early as 1990, well outside the statute of limitations period.  See Complaint, at 1.

facts that demonstrate standing. Indeed, plaintiff does not even address this legal requirement, other than to offer the conclusory statement that "defendant has and continues to intercept his phone conversations." Plaintiff's Response, at 1-2. Such unsupported speculation does not establish the requisite standing to bring a claim alleging illegal wiretapping. See United Presbyterian Church in the U.S.A. v. Reagan, 738 F.2d 1375, 1380-81 (D.C. Cir. 1985). The Court thus lacks jurisdiction over plaintiff's claim.[4]

## CONCLUSION

Accordingly, for the reasons stated above as well as those provided in defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, plaintiff's complaint should be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General, Civil Division

        KENNETH J. WAINSTEIN
        United States Attorney

        ANTHONY J. COPPOLINO
        Special Litigation Counsel

---

[4] In his Response, plaintiff asks the Court "to approve plaintiff's Motion for Discovery, enclosed asking for all records Defendant has on him." Plaintiff's Response, at 3. Defendant has only been served with Plaintiff's Response, which includes a Proposed Order that states "It is hereby Ordered that Defendant provide Plaintiff [a] copy of every document, tape, recording, computer record and nay other instrument containing Plaintiff's name in the possession of Defendant." See Proposed Order, attached to Plaintiff's Response. Defendant did not otherwise receive any motion for discovery. If the Proposed Order is construed as a motion for discovery, it should be denied because the Court lacks jurisdiction over this case.

                     */s/ Renée S. Orleans*
                     RENÉE S. ORLEANS
                     Trial Attorney
                     renee.orleans@usdoj.gov
                     U.S. Department of Justice
                     Civil Division, Federal Programs Branch
                     20 Massachusetts Avenue, NW
                     Washington, D.C. 20001
                     Phone: (202) 514-4782/(202) 514-4504
                     Fax: (202) 616-8460/(202) 616-8470
                     Attorneys for Defendant

DATED: May 11, 2006

**CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the foregoing Defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss was served by overnight, Federal Express mail and first-class mail, postage pre-paid, on May 11, 2006, upon plaintiff at the following address:

David Henderson
4635 Atlas
Apt. 8
El Paso, Texas
79904

                                                           _____/s/_____
                                                              Renée S. Orleans