UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID HENDERSON,       Plaintiff,      v.     KEITH ALEXANDER,       Defendant. | Civil Action No. 06-0245 (CKK) |

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss. Having considered the motion and plaintiff's opposition, the Court will dismiss this civil action.

### I. BACKGROUND

Plaintiff alleges that he is a former employee of the United States Department of State who, as an intelligence analyst, had "ac[c]ess to some of the most sensitive information in the US Government." Compl. at 2. According to plaintiff, because of his knowledge about "the 1980 Iran hostage release – October surprise," he is the subject of an illegal wire tap. *Id.* at 1-2. He demands "an order to stop the wiretap and ten million dollars in damages." *Id.* at 3.

### II. DISCUSSION

Defendant moves to dismiss the complaint on the ground that this Court lacks subject matter jurisdiction. "A complaint may be dismissed on jurisdictional grounds only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

1

entitle him to relief.'" *Loughlin v. United States*, 393 F.3d 155, 162-63 (D.C. Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court not only may consider the allegations of the complaint but also may consider the complaint "supplemented by undisputed facts evidenced in the record, or . . . by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Alliance for Democracy v. Fed. Election Comm'n*, 362 F.Supp.2d 138, 142 (D.D.C. 2005).

The sole defendant to this action, the Director of the National Security Agency, evidently is sued in his official capacity only. Any claim against him is treated as if it were brought against the federal government itself. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of the United States' sovereign immunity must be unequivocal; waiver cannot be implied. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *Lane v. Peña*, 518 U.S. 187, 192 (1996). Nothing in the complaint addresses the United States' immunity from suit or otherwise sets forth a valid basis for this Court's jurisdiction.

Insofar as plaintiff purports to bring this civil action under the Federal Tort Claims Act ("FCTA"), his claim must fail. Generally, the Federal Tort Claims Act waives the sovereign immunity of the United States for tort liability only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred."[1]  28 U.S.C. § 1346(b).  However, the FTCA bars a plaintiff from bringing a civil action in district court until he has exhausted his administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993).  A plaintiff exhausts after he presents his claim to the appropriate federal agency and the agency denies the claim in writing.  *See* 28 U.S.C. § 2675(a).  Plaintiff neither alleges nor establishes his compliance with the FTCA's exhaustion requirement.

### III. CONCLUSION

The Court will grant defendant's motion to dismiss for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____
COLLEEN KOLLAR KOTELLY
United States District Judge

Date:  12/15/06

---

[1] The Court notes that only the United States is a proper defendant to a claim under the FTCA.  28 U.S.C. § 2679(a); *Cox v. Sec'y of Labor*, 739 F.Supp. 28, 29 (D.D.C. 1990).