**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| DAVID HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-00245 (CKK) |
| | ) | |
| LT. GENERAL KEITH ALEXANDER, | ) | |
| DIRECTOR, NSA, | ) | |
| Defendant. | ) | |
| | ) | |

_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REOPEN**

This case concerns Plaintiff's allegation that he is the subject of an illegal wire tap allegedly beginning in 1990 and his demand for "an order to stop the wiretap and ten million dollars in damages." *See* Compl. at 1-3. The Court correctly dismissed this case for lack of subject matter jurisdiction in December 2006 in light of Plaintiff's failure to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). *See Henderson v. Alexander*, 2006 WL 3783382 (D.D.C. 2006). Plaintiff originally sought to reopen the case in October 2007, *see* Dkt. 9, but the Court *sua sponte* denied that motion on October 22, 2007, *see* Dkt. 10. Plaintiff now moves to reopen the case for a second time alleging that he made some filing with the NSA on August 17, 2007. *See* Plaintiff's 2d Motion to Reopen at 1.

Plaintiff does not attach any evidence to his submission demonstrating that he has submitted a written claim to NSA as required by section 2675 of the FTCA, or that he has done so within the time periods set forth in the FTCA. As indicated in the attached declaration, NSA has conducted a search for an administrative claim by the plaintiff under the FTCA and has found nothing in the pertinent FTCA files. *See* Declaration of Kimberly A. Schulz-Goss at ¶ 3, attached as Exh. A. If plaintiff has attempted to submit something else to the NSA that might

constitute such a claim, it has not been located.  Accordingly, Plaintiff's motion should again be denied because the FTCA bars a plaintiff from bringing a civil action in district court *before* he has exhausted his administrative remedies.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).  A plaintiff exhausts only after he presents his claim to the appropriate federal agency *and* the agency denies the claim in writing, or if an agency fails to make a final disposition within six months after the filing of the claim.  *See* 28 U.S.C. § 2675(a).

The FTCA's exhaustion requirements must be completed *before* a plaintiff may bring a claim in federal court.  *Adeogba v. Migliaccio*, 266 F. Supp. 2d 142, 146 (D.D.C. 2003).  Jurisdictional defects based upon failure to exhaust under the FTCA cannot be cured by amendment of the complaint at a later date (or, as here, through a motion to reopen the proceedings).  The FTCA expressly provides that an "action shall not be instituted," *see* 28 U.S.C. § 2675(a), absent exhaustion with the agency.  *See McNeil*, 508 U.S. at 110-11. Because Plaintiff has not demonstrated that he has exhausted his administrative remedies under the FTCA before initiating this civil action or through his motion to re-open the case, and no such claim has been located in the relevant files of the NSA, the Court continues to lack subject matter jurisdiction for the reasons it has already recognized, and, accordingly, should again deny Plaintiff's motion.[1]  *See Schneider v. Kissinger*, 310 F. Supp. 2d 251, 269-70 (D.D.C. 2004).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reopen should be denied.

---

[1]  Moreover, even if this case were reopened, dismissal for lack of standing could be the only result.  As Defendant has previously shown, *see* Def. Mtn to Dismiss at 4-7; Def. Reply at 2-3, apart from exhaustion under the FTCA, Plaintiff has not established that he has standing to pursue his claims of alleged illegal wiretapping.  *See United Presbyterian Church in the U.S.A. v. Reagan*, 738 F.2d 1375, 1380-81 (D.C. Cir. 1985) (unsupported speculation does not establish the standing necessary to bring a claim alleging illegal wiretapping).

Dated:  July 21, 2008                                  Respectfully submitted,

                                                       GREGORY G. KATSAS
                                                       Assistant Attorney General, Civil Division

                                                       JEFFREY A. TAYLOR
                                                       United States Attorney

                                                       ANTHONY J. COPPOLINO
                                                       Special Litigation Counsel

                                                         /s/ Alexander K. Haas
                                                       ALEXANDER K. HAAS (CA Bar # 220932)
                                                       Trial Attorney
                                                       U.S. Department of Justice
                                                       Civil Division, Federal Programs Branch
                                                       PO Box 883
                                                       Washington, D.C. 20044
                                                       Tel: (202) 305-9334 — Fax: (202) 616-8470
                                                       alexander.haas@usdoj.gov
                                                       Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Defendant's Opposition to Plaintiff's Second Motion to Reopen was served by first-class mail, postage pre-paid, on July 21, 2008, upon plaintiff at the following address:

David Henderson
4635 Atlas, Apt. 8
El Paso, TX  79904


_/s/ Alexander K. Haas_
Alexander K. Haas